# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID M. HENDY,

   Appellant,

  v.

DEPARTMENT OF HOMELAND
 SECURITY,

   Agency.

DOCKET NUMBERS
CH-3330-16-0030-I-1
CH-1221-16-0221-W-1
CH-4324-16-0222-I-1

DATE: SEPTEMTER 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David M. Hendy</u>, Chicago, Illinois, pro se.

<u>Lorna J. Jerome</u>, Esquire, and <u>Janis Monk</u>, Esquire, Washington, D.C., for
 the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a consolidated petition for review of the initial decisions in MSPB Docket Nos. CH-3330-16-0030-I-1, CH-4324-16-0222-I-1, and CH-1221-16-0221-W-1, which separately denied his requests for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), and dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we JOIN the three appeals,[2] DENY the petition for review, and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant is a preference-eligible veteran who has a service-connected disability. *Hendy v. Department of Homeland Security*, MSPB Docket No. CH−3330-16-0030-I-1, Initial Appeal File (0030-I-1 IAF), Tab 20 at 8-10, 12-13. Between February 9 and 23, 2015, the Department of Homeland Security, U.S. Coast Guard (agency), advertised the position of Industrial Hygienist under Vacancy Announcement Number 15-1450-SE-DB-M using merit promotion procedures. 0030-I-1 IAF, Tab 13 at 146-54. The agency tentatively selected the appellant for the position on July 6, 2015. 0030-I-1 IAF, Tab 41 at 22. On the same day, the appellant completed and signed a "Declaration for Federal

---

[2] We join the three appeals because doing so will expedite case processing and will not adversely affect the parties' interests. 5 C.F.R. § 1201.36(b).

Employment," Optional Form 306 (OF-306). 0030-I-1 IAF, Tab 13 at 52-53. Question 12 on the OF-306 asked, "During the last 5 years, have you been fired from any job for any reason, did you quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by the Office of Personnel Management or any other Federal agency?" *Id.* at 52. The appellant checked the "No" box in response. *Id.*

¶3 On August 4, 2015, the agency tentatively offered the position to the appellant, and he accepted. *Id.* at 44-46. After the agency received derogatory information about the appellant from a background investigation, the selecting official, in consultation with the Chief of Business Management, Planning, and Analysis, decided to withdraw the agency's tentative offer of employment. 0030−I−1 IAF, Tab 55 at 6-8. The derogatory information was described in a memorandum dated August 20, 2015, from the Director of the agency's Security Center (SECCEN). 0030-I-1 IAF, Tab 12 at 50-51. The SECCEN memorandum reported that the appellant "was discharged from the [Department of Veterans Affairs (DVA)] in July 2013 as an Industrial Hygienist for unfavorable employment or conduct." *Id.* at 50 (emphasis omitted). In a letter dated August 31, 2015, the agency rescinded the tentative job offer based on "Misconduct or Negligence in Employment" and "Material Intentional False Statement or Deception or Fraud in Examination or Appointment." *Id.* at 47. The rescission letter referenced the appellant's negative answer to Question 12 on the OF-306. *Id.*

¶4 The appellant filed an appeal to the Board indicating that he was appealing a negative suitability determination and requesting a hearing. 0030-I-1 IAF, Tab 1 at 1-5. In an acknowledgment order, the administrative judge informed the appellant that, although the Board may not have jurisdiction over a negative suitability determination, it may have jurisdiction over a nonselection for a position if the agency's decision was made in retaliation for whistleblowing, was

the product of discrimination based on uniformed service, or violated his veterans' preference rights. 0030-I-1 IAF, Tab 2 at 2. The appellant alleged that the Board had jurisdiction over his nonselection on all three bases. 0030-I-1 IAF, Tab 10 at 4.

¶5 In separate orders, the administrative judge informed the appellant of the standards for establishing jurisdiction over, and the merits of, a VEOA claim, a USERRA claim, and an IRA appeal. 0030-I-1 IAF, Tabs 4, 22-23. She also informed him of the burden of proving jurisdiction over a negative suitability determination claim. 0030-I-1 IAF, Tab 67. The administrative judge decided to docket separately the appellant's claims of retaliation for whistleblowing and discrimination under USERRA under MSPB Docket Nos. CH-1221-16-0221-W-1 and CH-4324-16-0222-I-1, respectively, and address his VEOA claim in the original appeal. 0030-I-1 IAF, Tab 51; *Hendy v. Department of Homeland Security*, MSPB Docket No. CH-1221-16-0221-W-1, Initial Appeal File (0221−W−1 IAF), Tab 4; *Hendy v. Department of Homeland Security*, MSPB Docket No. CH-4324-16-0222-I-1, Initial Appeal File (0222-I-1 IAF), Tab 4.

¶6 On March 18, 2016, the administrative judge held a consolidated hearing on the appellant's VEOA and USERRA claims. 0030-I-1 IAF, Tab 62 at 1-2, Tab 70, Hearing Compact Disc (HCD). She did not accept testimony on the appellant's whistleblowing retaliation claim because she found that he did not meet his burden to prove that he exhausted his claim with the Office of Special Counsel (OSC). 0030-I-1 IAF, Tab 66 at 5.

¶7 After holding the hearing, the administrative judge issued three initial decisions separately addressing the appellant's VEOA, USERRA, and whistleblowing retaliation claims. 0030-I-1 IAF, Tab 71, Initial Decision (0030-I-1 ID); 0221-W-1 IAF, Tab 40, Initial Decision (0221-W-1 ID); 0222-I-1 IAF, Tab 43, Initial Decision (0222-I-1 ID). First, the administrative judge acknowledged the appellant's arguments regarding prior equal employment opportunity (EEO) complaints, Board cases, and settlement agreements, but found

them to be outside the scope of the instant appeals because they did not involve the agency. 0030-I-1 ID at 5 n.4; 0221-W-1 ID at 8 n.3; 0222-I-1 ID at 6 n.4; 0030-I-1 IAF, Tab 42 at 8-10, 13-16, Tab 43 at 16-20. Then, the administrative judge found that the agency's rescission of the tentative job offer was not a negative suitability determination, but instead was a nonselection.[3] 0030-I-1 ID at 8; 0221-W-1 ID at 11; 0222-I-1 ID at 9. Next, she dismissed the appellant's IRA appeal for lack of jurisdiction because she found that he had failed to exhaust his administrative remedies with OSC. 0221-W-1 ID at 12-13. Further, she denied his request for corrective action under USERRA because she found that he failed to show that his military service was a motivating factor in his nonselection. 0222-I-1 ID at 2, 12-17. Additionally, she denied his request for corrective action under VEOA because she found that he failed to show that the agency violated one or more of his statutory or regulatory veterans' preference rights. 0221-W-1 ID at 10-13. Finally, she found that the Board lacked jurisdiction over his discrimination and EEO retaliation claims absent an otherwise appealable action. 0030-I-1 ID at 13; 0221-W-1 ID at 13, 16; 0222-I-1 ID at 16-17.

¶8 The appellant has filed a consolidated petition for review of the three initial decisions. *Hendy v. Department of Homeland Security*, MSPB Docket No. CH-3330-16-0030-I-1, Petition for Review (PFR) File, Tab 5, Tab 6 at 2.[4] The agency has not filed a response.

[3] The appellant does not dispute this finding on review, and we decline to disturb it. Petition for Review File, Tab 5.

[4] The appellant's petition for review was untimely filed by 1 day. PFR File, Tab 7 at 1. However, we find good cause to waive the filing deadline. The appellant, who is pro se, has submitted medical evidence substantiating his claim that he was experiencing a worsening of his chronic back and neck pain around the time that his petition for review was due. PFR File, Tab 3 at 5, 7, Tab 5 at 41; *see Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995) (stating the factors to be considered in determining whether an appellant has shown good cause for an untimely filing, including whether he is pro se, the length of the delay, and the reasonableness of the excuse), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table); 5 C.F.R. § 1201.114(g).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, [759 F.2d 9](), 10 (Fed. Cir. 1985). The Board generally lacks jurisdiction over an employee's nonselection for a position. *Becker v. Department of Veterans Affairs*, [107 M.S.P.R. 327](), ¶ 5 (2007). Despite the general lack of jurisdiction, however, an employee may appeal his nonselection under VEOA or USERRA, or through an IRA appeal. *Id.*

The appellant has failed to establish Board jurisdiction over his IRA appeal.

¶10      To establish jurisdiction over an IRA appeal concerning whistleblower disclosures, an appellant must exhaust his administrative remedies before OSC and make nonfrivolous allegations[5] that: (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, [242 F.3d 1367](), 1371 (Fed. Cir. 2001); *Rusin v. Department of the Treasury*, [92 M.S.P.R. 298](), ¶ 12 (2002). An appellant filing an IRA appeal has not exhausted his OSC remedy unless he has filed a complaint with OSC and either OSC has notified him that it was terminating its investigation of his allegations or 120 calendar days have passed since he first sought corrective action. [5 U.S.C. § 1214](a)(3); *Simnitt v. Department of Veterans Affairs*, [113 M.S.P.R. 313](), ¶ 8 (2010); [5 C.F.R. § 1209.5](a).

¶11      Here, the administrative judge properly found that the appellant failed to prove he has exhausted his administrative remedies before OSC. 0221-W-1 ID at 12-13. Although the appellant submitted evidence that he filed a prior whistleblowing complaint with OSC against the DVA, the administrative judge

---

[5] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. [5 C.F.R. § 1201.4](s).

found that he has not informed OSC of his current whistleblowing allegation regarding his nonselection for a position by the U.S. Coast Guard. 0221-W-1 ID at 12; 0221-W-1 IAF, Tab 12 at 5-7, 9; *see Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 7 (2008) (stating that, to meet the exhaustion requirement for jurisdiction in an IRA appeal, the appellant must provide OSC a sufficient basis to pursue an investigation that might have led to corrective action). The administrative judge noted that the appellant did not allege that he filed a complaint with OSC after the agency rescinded the tentative job offer, or submit a copy of a letter from OSC regarding any actions taken by the agency. 0221-W-1 ID at 7-8.

¶12   In his petition for review, the appellant reasserts his claim of whistleblowing retaliation. PFR File, Tab 5 at 5, 33-38. Because he provides no new evidence or argument that he first exhausted his administrative remedies before OSC regarding his nonselection, we find that the administrative judge properly dismissed his IRA appeal for lack of jurisdiction.

The appellant has failed to prove that the agency violated his veterans' preference rights under VEOA.

¶13   To be entitled to relief under VEOA, an appellant must prove by preponderant evidence[6] that the agency's action violated one or more of his statutory or regulatory veterans' preference rights. *Isabella v. Department of State*, 106 M.S.P.R. 333, ¶ 22 (2007).

¶14   Here, the administrative judge denied the appellant's request for corrective action under VEOA because she found that he failed to prove that the agency violated his veterans' preference rights in its selection process. 0030-I-1 ID at 2, 13, 16. Specifically, she found that the agency properly considered the appellant's application when selecting and tentatively offering him the position

---

[6] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

under merit promotion procedures. 0030-I-1 ID at 10; *see Joseph v. Federal Trade Commission*, 103 M.S.P.R. 684, ¶¶ 8, 10, 13 (2006) (finding that, although an individual is not entitled to veterans' preference under merit promotion procedures, a preference eligible has the right to be considered alongside internal candidates under such procedures), *aff'd*, 505 F.3d 1380 (Fed. Cir. 2007). She also found that the agency officials responsible for the selection process gave credible testimony that the decision to rescind the appellant's tentative job offer was based on the background investigation and not his veterans' status.[7] 0030-I-1 ID at 11-13; HCD; *see Abell v. Department of the Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003) (finding that an agency "is not required to hire a preference eligible veteran . . . if . . . it does not believe that the candidate is qualified or possesses the necessary experience"); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (explaining that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing).

¶15    Further, the administrative judge concluded that the appellant failed to prove that the content of, or remarks contained in, the SECCEN memorandum related to his veterans' status. 0030-I-1 ID at 11-12; 0030 I-1 IAF, Tab 12 at 50, 53. She also found that the agency's offer of the position to a nonveteran candidate after it had rescinded the appellant's tentative job offer for the same position did not violate his veterans' preference rights. 0030-I-1 ID at 10‑11.

---

[7] To the extent the appellant disputes the administrative judge's demeanor-based credibility determinations, we find that he has failed to provide a sufficiently sound reason on review to overturn them. PFR File, Tab 5 at 39; *see Rapp v. Office of Personnel Management*, 108 M.S.P.R. 674, ¶ 13 (2008) (finding sufficiently sound reasons to overturn demeanor-based credibility determination are if the administrative judge's findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole).

Finally, she found that the appellant failed to exhaust his claim with the Department of Labor (DOL) regarding his nonselection for the same position advertised separately under delegated examining procedures and that, in any event, the agency did not make any selection under the delegated examining vacancy announcement. 0030-I-1 ID at 14-15; 0030 I-1 IAF, Tab 40 at 6, Tab 68 at 15-23; *see Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) (finding that, to establish Board jurisdiction over a veterans' preference claim under VEOA, an appellant must show, among other things, that he exhausted his DOL remedy); *Abell*, 343 F.3d at 1384 ("An agency may cancel a vacancy announcement for any reason that is not contrary to law."); *Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 11 (2008) (stating that there is nothing preventing an agency from soliciting applications from the general public and from merit promotion applicants simultaneously).

¶16      On review, the appellant disputes the derogatory information on which the agency based its rescission of his tentative job offer and alleges the following: the SECCEN memorandum improperly relied on information from his former DVA supervisor; the agency violated his due process rights because the selecting official was improperly influenced by other agency officials; there was an agency "cover up" or conspiracy to rescind his job offer; and the agency improperly offered a position to a nonveteran after it rescinded his offer for the same position. PFR File, Tab 5 at 7-14, 20-21, 23, 33. These arguments do not suggest any error in the administrative judge's conclusion that the appellant failed to meet his burden to prove that the agency violated his statutory or regulatory veterans' preference rights.

¶17      Accordingly, we find that the administrative judge properly denied the appellant's request for corrective relief under VEOA.

<u>The appellant has failed to prove that the agency discriminated against him based on uniformed service under USERRA.</u>

¶18    To prevail on the merits of a USERRA claim under 38 U.S.C. § 4311(a), an appellant must prove by preponderant evidence that his uniformed service was a substantial or motivating factor in the agency action. *Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶ 5 (2013). If the appellant makes that showing, the agency can avoid liability by showing, as an affirmative defense, that it would have taken the same action for a valid reason without regard to his uniformed service. *Id.* An agency therefore violates section 4311(a) if it would not have taken the action but for the appellant's uniformed service. *Id.*

¶19    Discriminatory motivation under USERRA may be established by direct evidence or may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses. *Brasch v. Department of Transportation*, 101 M.S.P.R. 145, ¶ 9 (2006).

¶20    Here, the administrative judge properly found that the appellant failed to prove that his uniformed service was a substantial or motivating factor in the agency's decision to rescind the tentative job offer. 0222-I-1 ID at 12, 14-15. Specifically, she found that the agency officials involved in the selection process gave credible testimony that the decision to rescind the job offer was based on the results of the background investigation and was not based on the appellant's veteran status. 0222-I-1 ID at 12-14; HCD. She considered specific categories of circumstantial evidence and found that the agency's rescission of the tentative job offer was not made close in time to the appellant's military service, the agency consistently stated that it made the rescission based on the derogatory information

obtained from the background investigation, the appellant did not show that the agency expressed hostility towards veterans, and the appellant did not show that he was treated less favorably than similarly situated nonveterans. 0222-I-1 ID at 12-14; *see Brasch*, 101 M.S.P.R. 145, ¶ 9.

¶21 Further, the administrative judge found the appellant did not substantiate his allegations that there was an agency conspiracy regarding his nonselection and that the content of, or remarks contained in, the SECCEN memorandum was connected to his military service. 0222-I-1 ID at 12, 14. She also found that he did not establish that the agency had a discriminatory motive because it failed to comply with laws on veterans' preference. 0222-I-1 ID at 13-14. Finally, she found that, even assuming that the appellant applied for the same position under a different vacancy announcement, it did not affect her analysis regarding the merits of his USERRA claim. 0222-I-1 ID at 16.

¶22 On review, the appellant reasserts that the content of, or remarks contained in, the SECCEN memorandum was related to his military service. PFR File, Tab 5 at 11-12. However, he continues to fail to substantiate this claim. He also disputes the administrative judge's inference that it was unlikely that the agency had a discriminatory motive against veterans because the selecting official and another agency official involved in the selection process both had uniformed service. PFR File, Tab 5 at 11; 0222-I-1 ID at 12-13. We find that, even assuming that the administrative judge made an impermissible inference, such error was harmless because she also found that the agency officials gave credible testimony that they were not motivated by the appellant's military service. 0222-I-1 ID at 12-13; *see Haebe*, 288 F.3d at 1301; *see also Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Finally, we do not agree with the appellant that the agency's selection of a nonveteran for a position after it rescinded the appellant's

offer for the same position evidences a discriminatory motive. PFR File, Tab 5 at 33.

¶23     Because the appellant provides no evidence to substantiate his claim of discrimination based on uniformed service, we find that the administrative judge properly denied his request for corrective action under USERRA. *See Burroughs*, 120 M.S.P.R. 392, ¶ 6 (finding that the appellant failed to meet his burden of proof under USERRA when he speculated, but provided no evidence, that his uniformed service was a substantial or motivating factor in his nonselection).

The administrative judge made proper findings regarding the appellant's remaining claims.

¶24     As the administrative judge properly found, the Board lacks jurisdiction over the appellant's claims of age and race discrimination and retaliation absent an otherwise appealable action. 0030-I-1 ID at 13; 0221-W-1 ID at 13, 16; 0222-I-1 ID at 16-17; *see Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 16 (2007) (finding that the Board could not consider the appellant's prohibited personnel practice claims in a VEOA and USERRA appeal in which he did not raise an otherwise appealable action); *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 18 (2006) (finding that the Board lacks jurisdiction to decide claims of discrimination based on disability, sex, and age in a pure VEOA or USERRA case); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that a prohibited personnel practice under 5 U.S.C. § 2302(b) is not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982). Therefore, we decline to address further his claims of prohibited personnel practices raised on review. PFR File, Tab 5 at 17-20, 23, 27-28, 30, 33-38.

¶25     The administrative judge also found that the Board lacks jurisdiction to address the appellant's allegations regarding prior EEO complaints, Board cases, and settlement agreements, none of which involved the agency. 0030-I-1 ID at 5 n.4; 0221-W-1 ID at 8 n.3; 0222-I-1 ID at 6 n.4; 0030-I-1 IAF, Tab 42 at 8-10, 13-16, Tab 43 at 16-20. The appellant reasserts on review that these matters are

relevant to the instant appeals. PFR File, Tab 5 at 6-7, 12-16, 21-22, 35, 37. We disagree for the reasons provided by the administrative judge. He further argues that the administrative judge has the authority to enforce a breached settlement agreement under *Littlejohn v. Department of Housing & Urban Development*, 47 M.S.P.R. 331, 332 (1991), *modified by Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107 (1997), *and* 5 C.F.R. § 1201.41(c)(2)(i). PFR File, Tab 5 at 14-15. The Board has the authority to enforce a settlement agreement if it has jurisdiction over the appeal, the agreement is lawful on its face, the parties understand its terms, the parties freely entered into it, and the parties agree to enter the agreement into the record for enforcement purposes. *McCarter v. Department of the Navy*, 114 M.S.P.R. 599, ¶ 11 (2010). Assuming without deciding that those requirements are met, however, the appellant first must file a petition for enforcement in accordance with the Board's regulations. 5 C.F.R. § 1201.182.

The administrative judge did not abuse her discretion in ruling on discovery matters and conducting the hearing.

¶26     On review, the appellant alleges that he was denied the discovery of evidence such as emails and telephone recordings. PFR File, Tab 5 at 4, 8-9, 23-25, 30. He further argues that the administrative judge improperly denied his request for several hearing witnesses. *Id.* at 6, 24, 27, 30-32. He also asserts that she erroneously interfered with his testimony and examination of witnesses during the hearing. *Id.* at 22, 32-33. Additionally, he claims that the administrative judge erroneously held a consolidated hearing on his VEOA and USERRA claims. *Id.* at 13.

¶27     An administrative judge has broad discretion in ruling on discovery matters, to convene a hearing and regulate the course of the hearing, and to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014); *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15

(2013); *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table); 5 C.F.R. § 1201.41(b)(4), (6), (8), (10). Having reviewed the appellant's claims on review and the record, including the hearing recording, we find that the administrative judge did not abuse her discretion in making discovery rulings that denied his motion to compel discovery, request for a subpoena, and request for additional witnesses. 0030-I-1 IAF, Tab 66 at 3, 8, Tab 62 at 4-5. Nor did she abuse her discretion in holding a consolidated hearing on both the VEOA and USERRA issues.[8] 0030-I-1 IAF, Tab 62 at 1-2.

¶28    Finally, to the extent the appellant alleges that he was denied a fair adjudication due to the administrative judge's bias in favor of the agency, we find that he has failed to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. PFR File, Tab 5 at 4, 22, 27; *see Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).[9]

¶29    Accordingly, we affirm all three initial decisions of the administrative judge.[10]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS IN MSPB DOCKET NUMBER
### CH-1221-16-0221-W-1

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

---

[8] The appellant has also failed to demonstrate that he was prejudiced by the consolidated hearing. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

[9] Because we find that the administrative judge did not abuse her discretion and was not biased, we deny the appellant's request for a new hearing. PFR File, Tab 5 at 22.

[10] We deny the appellant's request for a stay of the appeal to obtain a settlement with the agency. PFR File, Tab 5 at 5.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information

about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS IN MSPB DOCKET NUMBERS**
**CH-3330-16-0030-I-1 AND CH-4324-16-0221-I-1**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is

available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.